## Equal Pay for Men

HERBERT N. SHENKIN, Deputy Attorney General, and ANNE X. ALPERN, Attorney General, October 18, 1960.—You have asked to be advised concerning the applicability of Act no. 694, approved December 17, 1959, P. L. 1913, known as the Equal Pay Law, to men performing jobs also performed by women who are covered by a mandatory minimum wage order.[1]

---

[1] A "mandatory minimum wage order" is issued pursuant to the Act of May 27, 1937, P. L. 917, 43 PS §331(a) et seq., and requires that specified minimum wages be paid women and minors in particular occupations covered by the order. Employers not complying with the provisions of such an order are subject to both civil and criminal penalties.

Specifically, you ask whether, in a place of employment where women are receiving straight time or overtime wages in accordance with a mandatory minimum wage order, men who perform work requiring comparable skills, under comparable conditions, must be paid wages equal to those paid the women. Section 3 of the act provides:

"No employer shall discriminate in any place of employment between employes on the basis of sex by paying wages to any employe at a rate less than the rate *at which he pays wages to employes of the opposite sex* for work under comparable conditions on jobs the performance of which requires comparable skills, except where such payment is made pursuant to a seniority training or merit increase system which does not discriminate on the basis of sex." (Italics supplied.)

The Equal Pay Law was enacted in place of the Act of July 7, 1947, P. L. 1401, 43 PS §335.1 et seq., which it repeals. The Act of 1947 also prohibited discrimination because of sex, but differed from the new law in two significant respects. In its language, it was primarily directed at discrimination in the wages paid females; the new act avoids the use of any feminine terminology, merely referring to "employe" or "employes"; whenever a personal pronoun is used, it is the masculine rather than the feminine.[2] Thus the new act appears to prohibit discrimination in pay

---

[2] The only use of the feminine occurs in section 5(a) of the act where the word "she" is found. This sentence is identical with its counterpart in the previous law. However, the other pronominal references in this section are changed to the masculine and it appears that the retention of the feminine was merely a legislative oversight.

rates regardless of which sex is receiving the lower wage.

The second difference between the two acts is to be found in the exceptions to the requirement that equal wages be paid both sexes. The prior act permitted variations based upon differences in:

". . . seniority, experience, skill . . . ability, or differences in duties and services performed, or differences in the shift or time of the day worked or any other reasonable differentiation except difference in sex."

The new act permits pay differentials only when made "pursuant to seniority training or merit increase system which does not discriminate on the basis of sex."

The differences between the 1959 Act and the 1947 Act make it clear that discrimination "on the basis of sex" contemplates a situation in which men are paid lower wages than women, as well as the more usual reverse situation. Without this distinction and the added application of the act to both sexes there would have been no necessity for the repeal of the Act of 1947, and its substitution by the 1959 act, since women were fully protected by the 1947 act. Otherwise, the action by the legislature would have been meaningless. The chief remaining question is whether there is discrimination on the basis of sex when women are paid at a higher rate of pay due to the existence of a mandatory minimum wage order.

This question is, apparently, one of first impression, and therefore it is necessary to examine the purpose of the Equal Pay Law. The Act of 1947 was passed as a companion bill to an amendment to the Women's Labor Law,[3] permitting women in manufacturing es-

---

[3] Act of July 25, 1913, P. L. 1024, 43 PS §101 et seq. The 1947 amendment is the Act of July 7, 1947, P. L. 1397.

tablishments to work at nights. The legislative debates of that equal pay law indicate that it was designed to protect the jobs of men by seeking to prevent women from working at lower rates of pay.[4] Consequently, the equality of genders found in the 1959 Act indicates that the new act is designed to prevent all wage competition between men and women. It seeks to guarantee that a woman, being paid a fair minimum wage under the Act of 1947, will not lose her job to a man who might replace her by working at a substandard wage. Payment of such a wage to an employe, only because he is a man, constitutes a clear discrimination on the basis of sex.

Our opinion that this type of pay differential is a prohibited discrimination due to sex is buttressed by the new restrictive language in the 1959 Act stating the conditions under which different wages may be paid male and female employes, in place of the long list of factors found in the 1947 act on which a variation could be based, and ending with the words:

". . . or any other reasonable differentiation except difference in sex."

The new act provides for equal pay:

". . . except where such payment is made pursuant to a seniority, training or merit system which does not discriminate on the basis of sex."

Section 54 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §554, provides:

"Exceptions expressed in a law shall be construed to exclude all others."

The inescapable effect of the Equal Pay Law is to prohibit discrimination of any kind based upon a difference in sex. The minimum pay law for women

---

[4] See, e.g., Legislative Journal, 1934, 1936, 3596, 5478 (1947).

cannot be used as a defense to a discrimination against men.[5]

We are of the opinion, and you are accordingly advised, that in a place of employment where women are receiving straight time and overtime wages, in accordance with a mandatory minimum wage order, men performing jobs under comparable conditions and requiring comparable skills must be paid wages equal to those paid the women, provided that the wage rates are not affected by a "seniority training or merit increase system which does not discriminate on the basis of sex."

---

[5] The 1959 Act does not in any way affect the operation of the Minimum Wage Act, nor amend it sub silentio. The laws were enacted to achieve different results: the Minimum Wage Law to guarantee that women will not be paid wages below those necessary for an adequate standard of living; the Equal Pay Law to prevent competition for employment between the sexes. However, these ends are not mutually inconsistent; there are areas for mutual interaction of the two laws.